**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                **Case No. 08-C-0064**
                                                         **(02-CR-075)**

**JACK PAPANDREOU,**

        **Movant,**

---

## DECISION AND ORDER

---

Pro se Movant, Jack Papandreou ("Papandreou") is currently serving a 210-month sentence imposed by this Court after he entered a guilty plea in August 2003 to one count of conspiring to possess and distribute five kilograms or more of cocaine, marijuana, and ecstacy. Papandreou was sentenced on July 22, 2004.

On March 8, 2010, Papandreou filed a motion citing Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 17.) By the motion, he seeks reconsideration of the Court's February 26, 2010, Decision and Order dismissing his motion to vacate judgment.

**Relevant Procedural History**

To provide context for this motion, the Court begins with an outline of relevant procedural history. Papandreou was represented by retained counsel throughout the underlying

criminal proceedings. Attorney Edward V. Edens ("Edens") represented Papandreou until March 18, 2004. Thereafter, Attorney Martin E. Kohler ("Kohler") represented Papandreou. Thus, Kohler represented Papandreou at sentencing. Papandreou did not file a direct appeal. Instead, he filed a motion pursuant to 28 U.S.C. § 2255 asserting that the Court had erred in the calculation of his sentence.

Because Papandreou had not raised his claim of sentencing error on direct appeal following his conviction, this Court denied his motion explaining that a § 2255 motion cannot be used as a substitute for a direct appeal. (Court's January 22, 2008, Decision and Order 1 (citing *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988).) (ECF No. 3.) Next, Papandreou sought a certificate of appealability, which this Court denied. (ECF No. 8.) Subsequently, the Court of Appeals for the Seventh Circuit denied a similar request and dismissed the appeal. The Court of Appeals filed its mandate on July 14, 2009. (ECF No. 13.)

On January 21, 2010, Papandreou filed a motion to vacate this Court's January 22, 2008, judgment, ostensibly under Rule 60(b) of the Federal Rules of Civil Procedure, claiming that the ineffective assistance of counsel in post-conviction proceedings before this Court affected the integrity of those proceedings and "deprived [him] of meaningful access to the [C]ourt based upon fraud[,] conflict of interest[, and] deceptive practices." (*See* Pro se Mot. to Vacate J. of January 22, 2008, filed Jan, 21, 2010, 15-16.) (ECF No. 14.) Papandreou urged the Court to consider his filing as a Rule 60(b) motion, rather than a successive § 2255

2

motion.  He asserted that, but for the ineffective assistance of counsel, he would have raised on direct appeal the claims that he is now barred from asserting.

Despite Papandreou's characterization of the January 2010 motion as a Rule 60(b) motion, the Court issued a Decision and Order on February 26, 2010, holding that the substance of Papandreou's claims fitted squarely within the scope of § 2255. (ECF No. 16.) The Court dismissed the motion for lack of subject matter jurisdiction and included information outlining the procedure for seeking permission from the Court of Appeals to file a successive petition.   Papandreou did not appeal the February 26, 2010, ruling.

However, Papandreou filed a second Rule 60(b) motion on March 4, 2010. That motion is addressed herein.

### March 2010 Rule 60(b) Motion

As with his January 2010 motion, Papandreou relies on *Banks v. United States*, 167 F.3d 1082, 1084 (7th Cir. 1999), which holds that "[p]etitioners cannot avoid meeting the requirements of 28 U.S.C.§ 2244(b) and § 2255 ¶ 8 simply by restyling their requests as motions for reconsideration in the initial collateral attack." *Id*. (citations omitted).  However, the court of appeals held that "Rule 60(b) is, however, an appropriate means to bring a claim that the conduct of counsel affected the integrity of the court's habeas proceeding."  *Id*. Papandreou asserts that his January 2010, motion is the latter.

Papandreou states that his January 2010 Rule 60(b) motion dealt *only* with post-conviction counsel's conduct before, during and after the filing of the § 2255 motion, not the

3

conviction or the sentencing stage of the criminal proceeding. The Court has reexamined Papandreou's January 2010 Rule 60(b) motion and finds that, contrary to Papandreou's characterization, his contentions include objections to the representation provided by Kohler at sentencing and on appeal. (*See* Pro se Mot. to Vacate J. of January 22, 2008, filed Jan, 21, 2010, 15-16.)

Papandreou also raises additional contentions regarding representation during the § 2255 proceedings. Papandreou asserts that: (1) the Kohler law firm had a conflict of interest because it represented him at sentencing and during post-conviction proceedings, and therefore, counsel did not raise ineffective assistance of counsel claims as promised; (2) although Kohler, who represented him at sentencing, indicated that Papandreou would be kept apprised of the proceedings, Kohler did not furnish Papandreou with a copy of the § 2255 motion until after it had been filed; and (3) contrary to Kohler's promise to personally prepare the § 2255 motion, another attorney in the firm signed the § 2255 motion. (*Id*. at 17-18.) Into this mix Papandreou has inferred that, at the time of his direct appeal, Kohler was being investigated by the United States Attorney's Office for the Northern District of Illinois for possible criminal conduct, which Papandreou maintains created a conflict of interest and is the reason that the § 2255 motion as promised was not filed. (*See id*. at 20-21.)

Papandreou's March 2010 Rule 60(b) motion asks the Court to take another look at its February 2010 Decision and Order. Given the timing of the motion to reconsider relative to the Court's February 26, 2010, Decision and Order, and given the arguments set

4

forth, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] *See Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure depends on the substance of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, UAWA, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The Court of Appeals for the Seventh Circuit has explained that there are only three valid grounds for a Rule 59(e) motion-newly-discovered evidence, an intervening change in the law, and manifest error of law. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

Having reexamined Papandreou's January 2010, motion the Court concludes that, although some issues relating to the integrity of the § 2255 proceedings are raised, based on the motion's overall tenor the Court reasonably construed the motion as a successive § 2255 motion. Therefore, "[u]nless and until the movant seeks and obtains permission from the court

---

[1] This motion is not an unauthorized second or successive petition. *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002); *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008) ("Rule 59(e) motions are not subject to the statutory limitations placed on successive collateral attacks").

5

of appeals to file such a motion, the district court is without jurisdiction to entertain his request." *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007); *see also, Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

As required by Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts as amended December 1, 2009, this Court also certifies to the Court of Appeals that it has concluded that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, this Court declines to issue a certificate of appealability. Since this Court has not issued a certificate of appealability, Papandreou may not appeal this determination. However, he may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Papandreou's Rule 60(b) motion (ECF No. 17) is **DENIED**; and,

The Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin this 6th day of November, 2012.

**BY THE COURT**

**Hon. Rudolph T. Randa**
**U.S. District Judge**